IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PNC BANK, NATIONAL ASSOCIATION and )
PNC EQUIPMENT FINANCE, LLC., )
                                             )
                Plaintiff, )
                                             )
      v. )     No. 20-cv-1088
                                             )
ILG INTERNATIONAL LOGISTICS GROUP, )
INC., S&L CARTAGE, INC., BELLA ABEL LLC, )
and SAMIR JAKUPOVIC, )
                Defendants. )

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, ILG INTERNATIONAL LOGISTRICS GROUP, INC. incorrectly sued as

ILG International Logistics, Inc., S&L CARTAGE, INC., BELLA ABEL LLC, and SAMIR

JAKUPOVIC, by and through their attorneys, ANTHONY J. PERAICA & ASSOCIATES,

LTD., answer the Complaint and assert affirmative defenses as follows:

## NATURE OF THE ACTION

1. This is an action seeking damages for breaches of contract against related defendants

concerning certain promissory notes and guaranties. Additionally, this action seeks the

foreclosure of a piece of commercial real estate that stands as security for those promissory notes

and the return of certain trucks and trailers which secure the indebtedness owed to PNCEF.

      ANSWER:    Defendants admit that Plaintiff attempts to allege these causes of action

                       but Defendants deny the allegations or suggestions related to them and

                       demand strict proof thereof.

## PARTIES

2.  PNC is a national banking association with its principal place of business located in Pennsylvania, and the state designated on its origination certificate is Delaware.

ANSWER:    Admit.

3.  PNCEF is a Delaware limited liability company having its principal place of business at 995 Dalton Avenue, Cincinnati, Ohio. PNC is the sole member of PNCEF.

ANSWER:    Admit that PNCEF is a Delaware limited liability company having its principal place of business at 995 Dalton Avenue, Cincinnati, Ohio; Deny and demand strict proof thereof that PNC is the sole member of PNCEF.

4.  ILG International Logistics, Inc. ("ILG") is an Illinois corporation with its principal place of business at 11633 South Mayfield Avenue, Alsip, Illinois.

ANSWER:    Admit.

5.  S&L Cartage, Inc. ("S&L") is an Illinois corporation with its principal place of business at 11633 South Mayfield Avenue, Alsip, Illinois.

ANSWER:    Admit.

6.  Bella.Abel, LLC ("Bella.Abel") is an Illinois limited liability company with its principal place of business at 11633 South Mayfield Avenue, Alsip, Illinois. On information and belief, Samir Jakupovic is the sole member of Bella.Abel. Samir Jakupovic is a citizen and resident of the State of Illinois, residing at 8110 W. Balmoral Avenue, Chicago, Illinois.

ANSWER:    Admit.

7.  Samir Jakupovic is a citizen and resident of the State of Illinois, residing at 8110 W. Balmoral Avenue, Chicago, Illinois.

ANSWER:    Admit.

**JURISDICTION AND VENUE**

8.   This Court has jurisdiction pursuant to 28 U.S.C. 1332 and 28 U.S.C. 2410. The amounts in controversy exceed, exclusive of interest, fees, and costs, the sum specified under said statute and, as detailed above, the parties maintain diversity of citizenship.

ANSWER:   Admit that this Court has diversity jurisdiction under 28 U.S.C. 1332 but deny the application of 28 U.S.C. 2410 to this action and demand strict proof thereof.

9.   A substantial portion of the events or omissions giving rise to the claims asserted herein occurred in this District, and this venue is proper pursuant to 28 U.S.C. 1391.

ANSWER:   Admit.

## FACTS COMMON TO ALL COUNTS

### BACKGROUND

10. S&L and ILG are trucking companies which are both headquartered out of 11633 South Mayfield Avenue, Alsip, Illinois (the "Property").

ANSWER:   Admit.

11. The Property is owned by Bella.Abel.

ANSWER:   Admit.

12. S&L, ILG and Bella.Abel all share common ownership.

ANSWER:   Admit.

### THE TRUCK LOANS

13. On October 2, 2017, ILG, S&L and PNCEF executed that certain Master Loan and Security Agreement. A copy of the Master Loan and Security Agreement is attached as **Exhibit A.**

ANSWER:    Defendants ILG and S&L deny that Exhibit A, Master Loan and Security

Agreement, was executed on October 2, 2017.

Defendants Bella Abel and Samir Jakupovic are not parties to alleged

Master Loan and Security Agreement and therefore deny the allegations in

paragraph 13 and demand strict proof thereof.

14. Among other things, the Master Loan and Security Agreement provides that under

what terms and conditions, ILG and S&L could request loans be issued by PNCEF for the

acquisition of equipment by ILG and S&L.

ANSWER:    Defendants ILG and S&L deny the allegations in paragraph 14 and

demand strict proof thereof.

Defendants Bella Abel and Samir Jakupovic are not parties to the alleged

Master Loan and Security Agreement and therefore deny the allegations in

paragraph 14 and demand strict proof thereof.

15. The Master Loan Agreement also provides that each of the advances funded by

PNCEF would be further evidenced by one or more promissory notes or other loan documents.

ANSWER:    Defendants ILG and S&L deny the allegations in paragraph 15 and

demand strict proof thereof.

Defendants Bella Abel and Samir Jakupovic are not parties to the alleged

Master Loan and Security Agreement and therefore deny the allegations in

paragraph 15 and demand strict proof thereof.

16. As part of the Master Loan Agreement, ILG and S&L granted PNCEF as security

interest, in among other things, all of their equipment.

ANSWER:     Defendants ILG and S&L deny the allegations in paragraph 16 and
demand strict proof thereof.

Defendants Bella Abel and Samir Jakupovic are not parties to the alleged
Master Loan and Security Agreement and therefore deny the allegations in
paragraph 16 and demand strict proof thereof.

17. Additionally, on October 2, 2017, ILG and S&L executed that certain Equipment
Line of Credit Note (the "Note"). A copy of the Note is attached as **Exhibit B**.

ANSWER:     Defendants ILG and S&L deny that Exhibit B, Equipment Line of Credit
Note, was executed on October 2, 2017.

Defendants Bella Abel and Samir Jakupovic are not parties to alleged
Equipment Line of Credit Note and therefore deny the allegations in
paragraph 17 and demand strict proof thereof.

18. Pursuant to the Note, ILG and S&L were able to make requests for loan advances
from PNCEF.

ANSWER:     Defendants ILG and S&L admit that they were able to request loan
advances under the Note.

Defendants Bella Abel and Samir Jakupovic are not parties to alleged
Equipment Line of Credit Note and therefore deny the allegations in
paragraph 18 and demand strict proof thereof.

19. Additionally, pursuant to the Note, after loan advances were funded by PNCEF, each
loan would be transitioned into a term loan subject to conditions of a notice of conversion or
other loan documents provided by PNCEF.

ANSWER:     Defendants ILG and S&L deny the vague allegations of paragraph 19.

Defendants Bella Abel and Samir Jakupovic are not parties to alleged Equipment Line of Credit Note and therefore deny the allegations in paragraph 19 and demand strict proof thereof.

20. The terms of Note provide that events of default include, but are not limited to, (a) the failure of ILG and S&L to make any payment required under the Note, and (b) the failure of S&L or ILG to abide by the terms of any loan documents with PNCEF.

ANSWER: Defendants ILG and S&L deny the vague allegations of paragraph 20. Defendants Bella Abel and Samir Jakupovic are not parties to alleged Equipment Line of Credit Note and therefore deny the allegations in paragraph 20 and demand strict proof thereof.

21. Pursuant to the Master Loan Agreement and Note, PNCEF made several loan advances to ILG and S&L.

ANSWER: Defendants ILG and S&L admit that loans were received from PNCEF but deny the remaining allegations of the paragraph 21. Defendants Bella Abel and Samir Jakupovic are not parties to either the Master Loan Agreement nor Note and therefore deny the allegations in paragraph 21 and demand strict proof thereof.

22. Each of the loan advances were evidenced by certain additional loan documents.

ANSWER: Defendants ILG and S&L deny the allegations of paragraph 22. Defendants Bella Abel and Samir Jakupovic are not parties to the matters alleged in paragraph 22 and therefore deny the allegations in paragraph 22 and demand strict proof thereof.

23. On December 8, 2017, ILG and S&L executed that certain Request for Term Loan

(the "December 8 Term Loan"), whereby among other things, ILG and S&L requested that PNCEF fund a $3,378,182.55 term loan under the Note. A copy of the December 8 Term Loan is attached as **Exhibit C**.

> ANSWER: Defendants ILG and S&L admit the allegations of paragraph 23.
>
> Defendants Bella Abel and Samir Jakupovic are not parties to the matters alleged in paragraph 23 and therefore deny the allegations in paragraph 23 and demand strict proof thereof.

24. As part of the December 8 Term Loan, the Bank, ILG and S&L agreed that the amounts to be funded by PNCEF were to be immediately converted to a term loan.

> ANSWER: Defendants ILG and S&L admit the allegations of paragraph 24.
>
> Defendants Bella Abel and Samir Jakupovic are not parties to the matters alleged in paragraph 24 and therefore deny the allegations in paragraph 24 and demand strict proof thereof.

25. Among other things, the December 8 Term Loan required ILG and S&L to make 42 monthly payments to PNCEF, each in the amount of $86,705.46.

> ANSWER: Defendants ILG and S&L admit the allegations of paragraph 25.
>
> Defendants Bella Abel and Samir Jakupovic are not parties to the matters alleged in paragraph 25 and therefore deny the allegations in paragraph 25 and demand strict proof thereof.

26. On or about January 11, 2018, ILG, S&L and PNCEF executed that certain notice of conversion ("Notice 1") whereby a $288,320.00 advance under the Note was converted to a term loan. A copy of Notice 1 is attached as **Exhibit D**.

> ANSWER: Defendants ILG and S&L admit the allegations in paragraph 26.

Defendants Bella Abel and Samir Jakupovic are not parties to the matters alleged in paragraph 26 and therefore deny the allegations in paragraph 26 and demand strict proof thereof.

27. Notice 1, among other things, required ILG and S&L to make 60 consecutive payments of principal of interest in the monthly amount of $5,392.22.

ANSWER:     Defendants ILG and S&L admit the allegations in paragraph 27.

Defendants Bella Abel and Samir Jakupovic are not parties to the matters alleged in paragraph 27 and therefore deny the allegations in paragraph 27 and demand strict proof thereof.

28. On or about January 11, 2018, ILG, S&L and PNCEF executed that certain notice of conversion ("Notice 2") whereby a $180,000.00 advance under the Note was converted to a term loan. A copy of Notice 2 is attached as **Exhibit E**.

ANSWER:     Defendants ILG and S&L admit the allegations in paragraph 28.

Defendants Bella Abel and Samir Jakupovic are not parties to the matters alleged in paragraph 28 and therefore deny the allegations in paragraph 28 and demand strict proof thereof.

29. Notice 2, among other things, required ILG and S&L to make 36 consecutive payments of principal of interest in the monthly amount of $5,355.25.

ANSWER:     Defendants ILG and S&L admit the allegations in paragraph 29.

Defendants Bella Abel and Samir Jakupovic are not parties to the matters alleged in paragraph 29 and therefore deny the allegations in paragraph 29 and demand strict proof thereof.

30. On or about February 28, 2018, ILG, S&L and PNCEF executed that certain notice of

conversation (the "Notice 3") whereby three advances under the Note totaling $529,970.00 were converted to a term loan. A copy of Notice 3 is attached as **Exhibit F**.

> ANSWER: Defendants ILG and S&L admit the allegations in paragraph 30.
>
> Defendants Bella Abel and Samir Jakupovic are not parties to the matters alleged in paragraph 30 and therefore deny the allegations in paragraph 30 and demand strict proof thereof.

31. Notice 3, among other things, required ILG and S&L to make 26 consecutive payments of principal of interest in the monthly amount of $9,998.76.

> ANSWER: Defendants ILG and S&L admit the allegations in paragraph 31.
>
> Defendants Bella Abel and Samir Jakupovic are not parties to the matters alleged in paragraph 31 and therefore deny the allegations in paragraph 31 and demand strict proof thereof.

32. Each of the loan advances made under the Note were secured by certain trucks and trailers belonging to ILG.

> ANSWER: Defendants ILG and S&L deny the vague allegations in paragraph 32.
>
> Defendants Bella Abel and Samir Jakupovic are not parties to the matters alleged in paragraph 32 and therefore deny the allegations in paragraph 32 and demand strict proof thereof.

33. Beginning in January 2019, ILG and S&L, began failing to make all the required payments under the Note and specifically the amounts related to the December 8 Term Loan.

> ANSWER: Defendants ILG and S&L admit the allegations in paragraph 33.
>
> Defendants Bella Abel and Samir Jakupovic are not parties to the matters alleged in paragraph 33 and therefore deny the allegations in paragraph 33

and demand strict proof thereof.

34. The failure to make the required payments was an Event of Default under the terms of the Note.

ANSWER: Defendants ILG and S&L deny the vague allegations in paragraph 34.

Defendants Bella Abel and Samir Jakupovic are not parties to the matters alleged in paragraph 34 and therefore deny the allegations in paragraph 34 and demand strict proof thereof.

35. Pursuant to its rights under the Note and other loan documents, PNCEF has accelerated all amounts outstanding under the Note, including all amounts related to the December 8 Term Loan, Notice 1, Notice 2, and Notice 3.

ANSWER: Defendants ILG and S&L deny the vague allegations in paragraph 35.

Defendants Bella Abel and Samir Jakupovic are not parties to the matters alleged in paragraph 35 and therefore deny the allegations in paragraph 35 and demand strict proof thereof.

## THE MORTGAGE LOANS

36. On December 5, 2017, Bella Abel, S&L and ILG all executed that certain Amended and Restated Term Note (the "Mortgage Note 1") in the principal amount $1,277,516.33 in favor of PNC. A copy of the Mortgage Note 1 is attached as **Exhibit G**.

ANSWER: Defendants ILG, Bella Abel and S&L admit the allegations in paragraph 36.

Defendant Samir Jakupovic is not a party to the matters alleged in paragraph 36 and therefore denies the allegations in paragraph 36 and demands strict proof thereof.

37. On June 5, 2018, Bella Abel, S&L and ILG all executed that certain Term Note in the original principal amount of $100,000.00 ("Mortgage Note 2") in favor of PNC. A copy of Mortgage Note 2 is attached as **Exhibit H**.

> ANSWER: Defendants Bella Abel, S&L and ILG admit the allegations in paragraph 37.
>
> Defendant Samir Jakupovic is not a party to the matters alleged in paragraph 37 and therefore denies the allegations in paragraph 37 and demands strict proof thereof.

38. Both Mortgage Note 1 and Mortgage Note 2 provide that an event of default under each of the respective notes is a default of any of the borrowers for any other indebtedness for borrowed money if such default allows for the acceleration of such debt.

> ANSWER: Defendants Bella Abel, S&L and ILG admit the allegations in paragraph 38.
>
> Defendant Samir Jakupovic is not a party to the matters alleged in paragraph 38 and therefore denies the allegations in paragraph 38 and demands strict proof thereof.

39. As such, a default by either ILG or S&L under the terms of the Note is also a default under the terms of Mortgage Note 1 and Mortgage Note 2.

> ANSWER: Defendants Bella Abel, S&L and ILG admit the allegations in paragraph 39.
>
> Defendant Samir Jakupovic is not a party to the matters alleged in paragraph 39 and therefore denies the allegations in paragraph 39 and demands strict proof thereof.

40. PNC has accelerated all amounts outstanding under the terms of Mortgage Note 1 and Mortgage Note 2.

> ANSWER: Defendants Bella Abel, S&L and ILG deny the vague allegations in paragraph 40.
>
> Defendant Samir Jakupovic is not a party to the natters alleged in paragraph 40 and therefore denies the allegations in paragraph 40 and demands strict proof thereof.

41. Due to the various defaults referenced herein, PNC and PNCEF have demanded payment of all amounts outstanding on the Note, Mortgage Note 1 and Mortgage Note 2.

> • ANSWER: Defendants Bella Abel, S&L and ILG deny the vague allegations in paragraph 41.
>
> Defendant Samir Jakupovic is not a party to the matters alleged in paragraph 41 and therefore denies the allegations in paragraph 41 and demands strict proof thereof.

**THE FORBEARANCE AGREEMENT**

42. Subsequent to the acceleration and demand referenced herein, PNC, PNCEF, Bella Abel, ILG, S&L and Samir Jakupovic executed that certain Forbearance Agreement in relation to the defaults existing under the Note, Mortgage Note 1 and Mortgage Note 2. A copy of the Forbearance Agreement is attached as **Exhibit I**.

> ANSWER: Admit.

43. Among other things, pursuant to the Forbearance Agreement the parties acknowledged that the Note was amended to reflect a total face value of $4,376,472.55 and the limit on the amounts to be advanced under the Note was amended to $4,376,472.55.

ANSWER:     Admit.

44. Additionally, in the Forbearance Agreement, ILG, S&L, Bella Abel and Samir Jakupovic acknowledged that the loans documents referenced herein were in default and waived all defenses related to the enforcement of such loan documents.

ANSWER:     Admit.

45. Pursuant to the Forbearance Agreement, PNC and PNCEF agreed to forbear from limited remedies available to them until August 31, 2019.

ANSWER:     Admit.

46. The expiration of the forbearance period without payment of all obligations owed to PNC under the Note, Mortgage Note 1 and Mortgage Note 2 is a default under the terms of the Forbearance Agreement.

ANSWER:     Admit.

47. Despite expiration of the forbearance period provided by the Forbearance Agreement, ILG, S&L and Bella Abel failed to pay their respective obligations under the terms of the Note, Mortgage Note 1 and Mortgage Note 2.

ANSWER:     Admit.

## THE TURNOVER AGREEMENT

48. On or about August 6, 2019, ILG, S&L, Bella Abel, Samir Jakupovic, PNC and PNCEF entered into and executed that certain Voluntary Surrender of Collateral Agreement (the "Turnover Agreement"). A copy of the Turnover Agreement is attached as **Exhibit J**.

ANSWER:     Admit.

49. Pursuant to the Turnover Agreement, ILG agreed to surrender certain of the collateral

which secured its obligation to PNCEF. A list of the trucks and trailers to be surrendered is attached to the Turnover Agreement.

    ANSWER:    Admit.

50. ILG has surrendered some but not all the trucks and trailers provided for in the Turnover Agreement.

    ANSWER:    Defendant ILG admits they have surrendered some but not all the trucks and trailers provided for in the Turnover Agreement. Defendant has now located the remaining two trucks and trailers that were not previously surrendered and have informed Plaintiffs where the trucks and trailers could be retrieved.

51. The allegations contained in paragraphs 10-50 are re-alleged and incorporated herein by reference.

    ANSWER:    Defendants re-allege and incorporate by reference their answers to paragraphs 10-50 above as their answer to paragraph 51.

## COUNT I
### Breach of Contract – Promissory Note

52. Among other things, the Note allows, upon the occurrence of an event of default for PNCEF to accelerate all amounts outstanding and demand immediate payment of all amount outstanding on the Note. A copy of the Note was previously attached as Exhibit B.

    ANSWER: Admit.

53. Among other defaults, ILG and S&L have failed to pay make all payments required by the Note, which include the failure to make payment under the December 8 Term Loan.

    ANSWER:    Defendants lack sufficient knowledge and information and demand strict proof thereof.

54. Due to the defaults under the Note, PNCEF has accelerated payment of all amounts outstanding the Note and declared them immediately due.

ANSWER: Defendants lack sufficient knowledge or information and demand strict proof thereof.

55. PNCEF has fulfilled all conditions precedent required of it to enforce the terms of the Note.

ANSWER: Defendants lack sufficient knowledge or information and demands strict proof thereof.

56. PNCEF made a demand for all sums due and owing under the terms of Note but S&L and ILG have failed, refused, or neglected to pay said obligations.

ANSWER: Admit.

57. The Note provides for recovery of attorneys' fees, costs, and expenses, whether or not there is a lawsuit, including expenses for liquidation of collateral, bankruptcy, and appeals proceedings, and court costs.

ANSWER: Defendants lacks sufficient knowledge and information.

58. As of December 20, 2019, according to the terms and conditions of the Note, there is due and owing to PNCEF:

| Advance | Principal | Interest | Prepayment Penalty | Breakage Fees | Total | Per Diem |
|---|---|---|---|---|---|---|
| Dec. 8 Term Loan | $2,374,415.99 | $94,185.17 | $23,744.16 | $2,372.14 | $2,494,717.46 | $280.31 |
| Notice 1 | $185,623.95 | $238.73 | $3,712.48 | $1,804.52 | $191,379.68 | $23.88 |
| Notice 2 | $26,872.43 | $33.67 | $537.45 | $12.42 | $27,455.97 | $3.36 |
| Notice 3 | $359,713.32 | $997.21 | $7,194.27 | $5,026.31 | $372,931.11 | $49.86 |
| | | | TOTAL: | | $3,086,484.22 | |

ANSWER: Defendants lack sufficient knowledge and information and demands strict

proof thereof. Defendants surrendered to PNCEF all but two of the collateral trucks and trailers. PNC sold the equipment but have not provided Defendants with the total sale amount.

59. PNCEF is the lawful owner and holder of the Note and no proceedings have been had at law or otherwise for recovery of the sums secured by said Note, except the present action, and no part thereof has been paid or collected except as set forth herein.

ANSWER: Defendants deny the allegations of paragraph 59 and demand strict proof thereof.

**WHEREFORE**, Defendants, S&L, ILG, Bella Abel and Samir Jakupovic respectfully request that this Honorable Court enter judgment in their favor and grant them such other and further relief as this Honorable Court deems just, proper, and equitable.

## COUNT II
### Breach of Contract – Promissory Note

60. The allegations contained in paragraphs 10-50 are re-alleged and incorporated herein by reference.

ANSWER: Defendants re-allege and incorporate by reference their answers to paragraphs 10-50 above as their answer to paragraph 60.

61. Among other things, Mortgage Note 1 allows, upon the occurrence of an event of default for PNC to accelerate all amounts outstanding and demand immediate payment of all amount outstanding on Mortgage Note 1. A copy of Mortgage Note 1 has previously been attached as Exhibit G.

ANSWER: Defendants Bella Abel, S&L and ILG admit the allegations in paragraph 61.

Defendant Samir Jakupovic is not a party to the matters alleged in paragraph 61 and therefore denies the allegations in paragraph 61 and

demands strict proof thereof.

62. Among other defaults on Mortgage Note 1, ILG and S&L failure to make all payments required by the Note, which includes the failure to make payment under the December 8 Term Loan, is a default under the terms of Mortgage Note 1.

ANSWER: Defendants S&L and ILG admit the allegations in paragraph 62.

Defendants Bella Abel and Samir Jakupovic are not a party to the matters alleged in paragraph 62 and therefore denies the allegations in paragraph 62 and demands strict proof thereof.

63. Due to the defaults under Mortgage Note 1, PNC has accelerated payment of all amounts outstanding the Note and declared them immediately due.

ANSWER: Admit.

64. PNC has fulfilled all conditions precedent required of it to enforce the terms Mortgage Note 1.

ANSWER: Defendants lack sufficient knowledge and information and demand strict proof thereof.

65. PNC made a demand for all sums due and owing under the terms of Mortgage Note 1 but Bella Abel, S&L and ILG have failed, refused, or neglected to pay said obligations.

ANSWER: Admit.

66. Mortgage Note 1 provides for recovery of attorneys' fees, costs, and expenses, whether or not there is a lawsuit, including expenses for bankruptcy and appeals proceedings, and court costs.

ANSWER: Defendants lack sufficient knowledge and information and demand strict

proof thereof.

67. As of January 20, 2020 according to the terms and conditions of Mortgage Note 1, there is due and owing to PNC:

| | |
|---|---|
| Principal Balance | $1,225,373.04 |
| Interest Owing | $8,139.31 |
| Total | $1,233,512.35 |

\*Together with interest, attorneys' fees and costs incurred in enforcing Mortgage Note 1, which continue to accrue.

ANSWER:    Defendants lack sufficient knowledge and information and demand strict

proof thereof.

68. PNC is the lawful owner and holder of Mortgage Note 1 and no proceedings have been had at law or otherwise for recovery of the sums secured by said note, except the present action, and no part thereof has been paid or collected except as set forth herein.

ANSWER:    Admit.

**WHEREFORE,** Defendants, S&L, ILG, Bella Abel and Samir Jakupovic respectfully request that this Honorable Court enter judgment in their favor and grant them such other and further relief as this Honorable Court deems just, proper, and equitable.

## <u>COUNT III</u>
### Breach of Contract – Promissory Note

69. The allegations contained in paragraphs 10-50 are re-alleged and incorporated herein by reference.

ANSWER:    Defendants re-allege and incorporate by reference their answers to

paragraphs 10-50 above as their answer to paragraph 69.

70. Among other things, the Mortgage Note 2 allows, upon the occurrence of an event of

default for PNC to accelerate all amounts outstanding and demand immediate payment of all amount outstanding on Mortgage Note 2. A copy of Mortgage Note 2 has previously been attached as Exhibit H.

> ANSWER: Defendants Bella Abel, S&L and ILG admit the allegations in paragraph 70.
>
> Defendant Samir Jakupovic is not a party to the matters alleged in paragraph 70 and therefore denies the allegations in paragraph 70 and demands strict proof thereof.

71. Among other defaults on Mortgage Note 2, ILG and S&L's failure to make all payments required by the Note, which include the failure to make payment under the December 8 Term Loan, is a default under the terms of Mortgage Note 2.

> ANSWER: Defendants S&L and ILG admit the allegations in paragraph 71.
>
> Defendants Bella Abel and Samir Jakupovic are not a party to the matters alleged in paragraph 71 and therefore denies the allegations in paragraph 71 and demands strict proof thereof.

72. Due to the defaults under Mortgage Note 2, PNC has accelerated payment of all amounts outstanding the Note and declared them immediately due.

> ANSWER: Admit.

73. PNC has fulfilled all conditions precedent required of it to enforce the terms Mortgage Note 2.

> ANSWER: Defendants lacks sufficient knowledge and information and demand strict proof thereof.

74. PNC made a demand for all sums due and owing under the terms of Mortgage Note 2 but Bella Abel, S&L and ILG have failed, refused, or neglected to pay said obligations.

ANSWER:     Admit.

75. Mortgage Note 2 provides for recovery of attorneys' fees, costs, and expenses, whether or not there is a lawsuit, including expenses for bankruptcy and appeals proceedings, and court costs.

ANSWER:     Defendants lacks sufficient knowledge and information and demand strict
            proof thereof.

76. As of January 20, 2020, according to the terms and conditions of Mortgage Note 2, there is due and owing to PNC:

| | |
|---|---|
| Principal Balance | $64,775.92 |
| Interest Owing | $2,013.39 |
| Late Charge | $300.00 |
| Total | $68,089.31 |

*Together with interest, attorneys' fees and costs incurred in enforcing Mortgage Note 2, which continue to accrue.

ANSWER:     Defendants lack sufficient knowledge and information and demand strict
            proof thereof.

77. PNC is the lawful owner and holder of Mortgage Note 2 and no proceedings have been had at law or otherwise for recovery of the sums secured by said note, except the present action, and no part thereof has been paid or collected except as set forth herein.

ANSWER:     Admit.

**WHEREFORE**, Defendants, S&L, ILG, Bella Abel and Samir Jakupovic respectfully request that this Honorable Court enter judgment in their favor and grant them such other and further relief as this Honorable Court deems just, proper, and equitable.

## COUNT IV
### Foreclosure of Mortgage – Mortgage 1

78. The allegations contained in paragraphs 10-77 are re-alleged and incorporated here in by reference.

> ANSWER: Defendants re-allege and incorporate by reference their answers to paragraphs 10-77 above as their answer to paragraph 78.

79. PNC files this count to foreclose a certain mortgage and joins the following persons as defendants: Bella Abel, S&L and ILG.

> ANSWER: Defendant Bella Abel admits this count is to foreclose a certain mortgage and denied S&L an ILG be joined as defendants;
>
> Defendants S&L, ILG and Samir Jakupovic deny they should be joined as defendants as alleged in paragraph 61 and demands strict proof thereof.

80. Attached as **Exhibit K** is a copy of that certain mortgage encumbering the property commonly known as 11633 South Mayfield Avenue, Alsip, Illinois ("Mortgage 1"). The Note, Mortgage Note 1 and Mortgage Note 2 all previously attached as **Exhibit B, Exhibit G** and **Exhibit H** and are all incorporated herein.

> ANSWER: Admit.

81. Information concerning the Mortgage:

> (A) Nature of instrument: Mortgage
>
> (B) Date of instrument: October 31, 2016
>
> (C) Name of Mortgagor: Bella Abel LLC
>
> (D) Name of mortgagee: PNC Bank, National Association
>
> (E) Date and place of recording: January 24, 2017, Cook County Recorder of Deeds
>
> (F) Identification of recording: Document Number 1702433086

(G) Interest subject to the mortgage: Fee simple.

(H) Amount of original indebtedness:     $1,280,000.00

(I)  Both the legal description of the mortgaged real estate and the common address or other information sufficient to identify it with reasonable certainty:

PARCEL 1:
LOT 3 OF IPEMA'S ALSIP INDUSTRIAL SUBDIVISION OF THE EAST 1/2 OF THE SOUTH 20 ACRES OF THE NORTH 40 ACRES OF THE WEST 1/2 OF THE SOUTHWEST 1/4 OF SECTION 20, TOWNSHIP 37 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPLE MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED OCTOBER 24, 1963 AS DOCUMENT NUMBER 18951576, IN COOK COUNTY, ILLINOIS.

PARCEL 2:
THE SOUTH 12 FEET OF LOTS 4 AND 5 IN RESUBDIVISION LOT 2 IN IPEMA'S ALSIP INDUSTRIAL SUBDIVISION OF THE EAST HALF OF THE SOUTH 20 ACRES OF THE NORTH 40 ACRES OF THE WEST HALF OF THE SOUTHEAST QUARTER OF SECTION 20, TOWNSHIP 37 NORTH, RANGE 13 EAST TO THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED OCTOBER 24, 1963 AS DOCUMENT NUMBER 18951576, IN COOK COUNTY, ILLINOIS.

Common Address: 11633 South Mayfield, Alsip, Illinois 60803

PIN(s):        24-20-400-007-0000
               24-20-400-015-0000
               24-20-400-016-0000
               24-20-400-016-0000

(J)  Statements as to defaults, including, but not necessarily limited to, date of default, current and unpaid principal balance, per diem interest accruing and any other information concerning the default: defaults include, but are not limited to, the failure to make the required payments on the Note beginning with the January, 2019 payment which was also a default under Mortgage Note 1 and Note 2.

Note (as of December 20, 2019):

| Advance | Principal | Interest | Prepayment Penalty | Breakage Fees | Total | Per Diem |
|---|---|---|---|---|---|---|
| Dec. 8 Term Loan | $2,374,415.99 | $94,185.17 | $23,744.16 | $2,372.14 | $2,494,717.46 | $280.31 |
| Notice 1 | $185,623.95 | $238.73 | $3,712.48 | $1,804.52 | $191,379.68 | $23.88 |
| Notice 2 | $26,872.43 | $33.67 | $537.45 | $12.42 | $27,455.97 | $3.36 |
| Notice 3 | $359,713.32 | $997.21 | $7,194.27 | $5,026.31 | $372,931.11 | $49.86 |
| | | | TOTAL: | | $3,086,484.22 | |

*Together with interest, attorneys' fees and costs incurred in enforcing the Note, which continue to accrue.

<u>Mortgage Note 1 (as of January 20, 2020)</u>

| | |
|---|---|
| Principal Balance | $1,225,373.04 |
| Interest Owing | $8,139.31 |
| Total | $1,233,512.35* |

*Together with interest, attorneys' fees and costs incurred in enforcing Mortgage Note 1, which continue to accrue.

<u>Mortgage Note 2 (as of January 20, 2020)</u>

| | |
|---|---|
| Principal Balance | $64,775.92 |
| Interest Owing | $2,013.39 |
| Late Charge | $300.00 |
| Total | $68,089.31 |

*Together with interest, attorneys' fees and costs incurred in enforcing Mortgage Note 2, which continue to accrue.

(K) Name of the present owner of the real estate: Bella Abel LLC

(L) Names of other persons who were joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated: ILG and S&L

(M) Name of persons claimed to be personally liable for a deficiency, if any: ILG, Bella Abel and S&L.

(N) Capacity in which plaintiff brings this foreclosure: As the holder of the promissory notes, mortgage and indebtedness which is the subject of this cause of action.

(O) Facts in support of redemption period shorter than the longer of (i) six months from the date the mortgagor or, if more than one, all the mortgagors (ii) have been served with summons or by publication; or (iii) have otherwise submitted to the jurisdiction of the court; or (iv) three months from the entry of the judgment of foreclosure, if sought: Pursuant to Section 17(b) of Mortgage 1 the mortgagor has

waived the right of redemption and the property is not residential real estate as defined by the Illinois Mortgage Foreclosure Law.

(P) Statement that the right of redemption has been waived by all owners of redemption, if applicable: Pursuant to Section 17(b) of Mortgage 1, redemption has been waived.

(Q) Facts in support of request for attorneys' fees and of costs and expenses, if applicable: Pursuant to Section 13(b) of Mortgage 1, PNC may recover attorney fees and other costs, in any suit to foreclose the lien of the Mortgage: PNC has been required to retain counsel for prosecution of this action and to incur substantial attorneys' fees, court costs, and other expenses which should be added to the balance secured by the Mortgage.

(R) Facts in support of request for appointment of mortgagee in possession or for the appointment of a received, and the identity of such received, if sought: ILG, S&L and Bella Abel have failed to make the payments required under the obligations secured by Mortgage 1 and pursuant to Section 13(c)(1) of Mortgage 1, PNC has the right after a default has occurred to be appointed as mortgagee in possession or have a receiver appointed.

(S) Intentionally omitted.

(T) Name or names of defendants whose right to possess the mortgaged real estate, after the confirmation of a foreclosure sale, is sought to be terminated: ILG, S&L and Bella Abel

ANSWER:          Defendant Bella Abel admits the allegations in (A) through (I) and denies the remaining allegations in paragraph 81.

Defendants, S&L, ILG and Samir are not parties to alleged

Mortgage 2 and therefore deny the allegations in paragraph 83 and

demand strict proof thereof.

**WHEREFORE,** Defendants, S&L, ILG, Bella Abel and Samir Jakupovic respectfully

request that this Honorable Court enter judgment in their favor and grant them such other and

further relief as this Honorable Court deems just, proper, and equitable.

<u>COUNT V</u>
**Foreclosure of Mortgage – Mortgage 2**

82. The allegations contained in paragraphs 10-77 are re-alleged and incorporated herein

by reference.

ANSWER:     Defendants re-allege and incorporate by reference their answers to

paragraphs 10-77 above as their answer to paragraph 82.

83. PNC files this count to foreclose a certain mortgage and joins the following persons

as defendants: Bella Abel, S&L and ILG.

ANSWER:     Defendant Bella Abel admits that PNC filed this count to foreclose a

Certain mortgage (Mortgage 2).

Defendants S&L and ILG are not parties to alleged Mortgage 2 and

therefore deny the allegations in paragraph 83 and demand strict proof

thereof.

84. Attached as **Exhibit L** is a copy of that certain mortgage encumbering the property

commonly known as 11633 South Mayfield Avenue, Alsip, Illinois ("Mortgage 2"). Note,

Mortgage Note 1 and Mortgage Note 2 all previously attached as **Exhibit B, Exhibit G and**

**Exhibit H** are all incorporated herein.

ANSWER:     Defendant Bella Abel admits the allegations in paragraph 84.

Defendant S&L and ILG are not parties to alleged Mortgage 2 and therefore deny the allegations in paragraph 84 and demand strict proof thereof.

85. Information concerning the Mortgage:

(A) Nature of instrument: Mortgage

(B) Date of instrument:     June 5, 2018

(C) Name of Mortgagor:   Bella Abel LLC

(D) Name of mortgagee:   PNC Bank N.A.

(E) Date and place of recording:   July 3, 2018, Cook County Recorder of Deeds

(F) Identification of recording: Document Number 1818404031

(G) Interest subject to the mortgage: Fee simple.

(H) Amount of original indebtedness:     $100,000.00

(I) Both the legal description of the mortgaged real estate and the common address or other information sufficient to identify it with reasonable certainty:

PARCEL 1:
LOT 3 OF IPEMA'S ALSIP INDUSTRIAL SUBDIVISION OF THE EAST 1/2 OF THE SOUTH 20 ACRES OF THE NORTH 40 ACRES OF THE WEST 1/2 OF THE SOUTHWEST 1/4 OF SECTION 20, TOWNSHIP 37 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPLE MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED OCTOBER 24, 1963 AS DOCUMENT NUMBER 18951576, IN COOK COUNTY, ILLINOIS.

PARCEL 2:
THE SOUTH 12 FEET OF LOTS 4 AND 5 IN RESUBDIVISION LOT 2 IN IPEMA'S ALSIP INDUSTRIAL SUBDIVISION OF THE EAST HALF OF THE SOUTH 20 ACRES OF THE NORTH 40 ACRES OF THE WEST HALF OF THE SOUTHEAST QUARTER OF SECTION 20, TOWNSHIP 37 NORTH, RANGE 13 EAST TO THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED OCTOBER, 1963 AS DOCUMENT NUMBER 18951576, IN COOK COUNTY, ILLINOIS.

Common Address: 11633 South Mayfield, Alsip, Illinois 60803

PIN(s):  24-20-400-007-0000
24-20-400-015-0000
24-20-400-016-0000
24-20-400-016-0000

(J) Statements as to defaults, including, but not necessarily limited to, date of default, current and unpaid principal balance, per diem interest accruing and any other information concerning the default: defaults include, but are not limited to, the failure to make the required payments on the Note beginning with the January, 2019 payment which was also a default under Mortgage Note 1 and Note 2.

Note (as of December 20, 2019):

| Advance | Principal | Interest | Prepayment Penalty | Breakage Fees | Total | Per Diem |
|---|---|---|---|---|---|---|
| Dec. 8 Term Loan | $2,374,415.99 | $94,185.17 | $23,744.16 | $2,372.14 | $2,494,717.46 | $280.31 |
| Notice 1 | $185,623.95 | $238.73 | $3,712.48 | $1,804.52 | $191,379.68 | $23.88 |
| Notice 2 | $26,872.43 | $33.67 | $537.45 | $12.42 | $27,455.97 | $3.36 |
| Notice 3 | $359,713.32 | $997.21 | $7,194.27 | $5,026.31 | $372,931.11 | $49.86 |
| | | | TOTAL: | | $3,086,484.22 | |

*Together with interest, attorneys' fees and costs incurred in enforcing the Note, which continue to accrue.

Mortgage Note 1 (as of January 20, 2020)

| Principal Balance | $1,225,373.04 |
|---|---|
| Interest Owing | $8,139.31 |
| Total | $1,233,512.35* |

*Together with interest, attorneys' fees and costs incurred in enforcing Mortgage Note 1, which continue to accrue.

Mortgage Note 2 (as of January 20, 2020)

| Principal Balance | $64,775.92 |
|---|---|
| Interest Owing | $2,013.39 |
| Late Charge | $300.00 |
| Total | $68,089.31* |

*Together with interest, attorneys' fees and costs incurred in enforcing Mortgage Note 2, which continue to accrue.

(K) Name of the present owner of the real estate: Bella Abel LLC

(L) Names of other persons who were joined as defendants and whose interest in or

lien on the mortgaged real estate is sought to be terminated: ILG and S&L

(M) Name of persons claimed to be personally liable for a deficiency, if any: ILG,

Bella Abel and S&L.

(N) Capacity in which plaintiff brings this foreclosure: As the holder of the promissory notes, mortgage and indebtedness which is the subject of this cause of action.

(O) Facts in support of redemption period shorter than the longer of (i) six months from the date the mortgagor or, if more than one, all the mortgagors (ii) have been served with summons or by publication; or (iii) have otherwise submitted to the jurisdiction of the court; or (iv) three months from the entry of the judgment of foreclosure, if sought: Pursuant to Section 17(b) of Mortgage 2 the mortgagor has waived the right of redemption and the property is not residential real estate as defined by the Illinois Mortgage Foreclosure Law.

(P) Statement that the right of redemption has been waived by all owners of redemption, if applicable: Pursuant to Section 17(b) of Mortgage 2, redemption has been waived.

(Q) Facts in support of request for attorneys' fees and of costs and expenses, if applicable: Pursuant to Section 13(b) of Mortgage 2, PNC may recover attorney fees and other costs, in any suit to foreclose the lien of the Mortgage: PNC has been required to retain counsel for prosecution of this action and to incur substantial attorneys' fees, court costs, and other expenses which should be added to the balance secured by the Mortgage.

(R) Facts in support of request for appointment of mortgagee in possession or for the appointment of a received, and the identity of such received, if sought: ILG, S&L and Bella Abel have failed to make the payments required under the obligations

secured by Mortgage 2 and pursuant to Section 13(c)(1) of Mortgage 2, PNC has

the right after a default has occurred to be appointed as mortgagee in possession

or have a receiver appointed.

(S) Intentionally omitted.

(T) Name or names of defendants whose right to possess the mortgaged real estate,

after the confirmation of a foreclosure sale, is sought to be terminated: ILG, S&L

and Bella Abel

ANSWER:        Defendant Bella Abel admits the allegations in (A) through (I) and

denies the remaining allegations in paragraph 85.

Defendants, S&L, ILG and Samir are not parties to alleged

Mortgage 2 and therefore deny the allegations in paragraph 85 and

demand strict proof thereof.

**WHEREFORE,** Defendants, S&L, ILG, Bella Abel and Samir Jakupovic respectfully

request that this Honorable Court enter judgment in their favor and grant them such other and

further relief as this Honorable Court deems just, proper, and equitable.

## <u>COUNT VII</u>
### <u>REPLEVIN – ILG</u>

86. The allegations contained in paragraphs 10-50 are re-alleged and incorporated herein

by reference.

ANSWER:        Defendants re-allege and incorporate by reference their answer to

paragraphs 10-50 above as their answer to paragraph 86.

87. To secure the amount owing to PNCEF, pursuant to the Master Loan and Security

Agreement, ILG and S&L granted PNCEF a security interest, in among other things, all inventory, equipment and accounts (Collectively the "Collateral") of ILG and S&L. A copy of the Master Loan and Security Agreement was previously attached as exhibit to **Exhibit A**.

ANSWER: Defendants S&L and ILG admit to the allegations in paragraph 87. Defendants Bella Abel and Samir Jakupovic are not parties to the matters alleged in paragraph 87 and therefore deny the allegations in paragraph 87 and demand strict proof thereof.

88. The Master Loan and Security Agreement provides, among other things, that after default, PNCEF shall be entitled to obtain possession of the Collateral.

ANSWER: Defendants S&L and ILG admit to the allegations in paragraph 88. Defendants Bella Abel and Samir Jakupovic are not parties to the matters alleged in paragraph 88 and therefore deny the allegations in paragraph 88 and demand strict proof thereof.

89. Specifically, ILG and S&L granted PNCEF a security interest in the various trucks and trailers it financed on behalf of ILG.

ANSWER: Defendants S&L and ILG admit the allegations in paragraph 89. Defendants Bella Abel and Samir Jakupovic are not parties to the matters alleged in paragraph 89 and therefore deny the allegations in paragraph 89 and demand strict proof thereof.

90. PNCEF perfected its security interest in certain of ILG's trucks and trailers by having the Illinois Secretary of State place PNCEF on the respective titles of the trucks and trailers it financed.

ANSWER:     Defendants S&L and ILG deny the allegations in paragraph 88 and
            demand strict proof thereof.
            Defendants Bella Abel and Samir Jakupovic are not parties to the
            matters alleged in paragraph 90 and therefore deny the allegations
            in paragraph 90 and demand strict proof thereof.

Defendant ILG lacks sufficient knowledge and information and demands strict proof thereof.

91. A list of PNCEF collateral for which is seeking replevin in this suit is attached as
Exhibit M and is referred herein as the "Equipment".

ANSWER:     Admit.

92. ILG and S&L have failed to make the payments required of it under the Note.

ANSWER:     Admit.

93. Despite demand, ILG and S&L have failed to pay the amounts owing on the Note.

ANSWER:     Admit.

94. As of December 20, 2019, there remained due and owing under the Note the sum of
$3,086,844.21, plus additional interest, costs and attorney fees.

ANSWER:     Defendants S&L and ILG lack sufficient knowledge and information and
            demand strict proof thereof.

95. Accordingly, by virtue of the failure to make payments due under the Note, PNCEF is
entitled to immediate possession of the Equipment.

ANSWER:     Admit.

96. ILG is currently wrongfully detaining the collateral.

ANSWER:     Defendant S&L and ILG deny the allegations in paragraph 96 and demand
            strict proof thereof.  Defendants state at the time of surrender of the

equipment, two trucks were unaccounted for but have since been located and the whereabouts provided to PNC to retrieve.

97. On information and belief, ILG is in possession and control of the Equipment.

ANSWER:     Defendant ILG denies the allegations in paragraph 97.

98. Upon information and belief, the Equipment has not been taken for any tax, assessment or fine levied by virtue of any law of this state against the property of the ILG nor seized under any lawful process or against the goods and chattels of ILG subject to such lawful process, nor held by virtue of any order of replevin against ILG.

ANSWER:     Defendant ILG lacks sufficient knowledge and information and demands strict proof thereof.

Defendants S&L, Samir and Bella Abel are not parties to the matters alleged, therefore deny the allegations in paragraph 98 and demand strict proof thereof.

99. PNCEF also claims the value of any Equipment not delivered to the officer under the order of replevin entered by the Court.

ANSWER:     Defendant ILG lacks sufficient knowledge and information and demands strict proof thereof.

**WHEREFORE,** Defendants, S&L, ILG, Bella Abel and Samir Jakupovic respectfully request that this Honorable Court enter judgment in their favor and grant them such other and further relief as this Honorable Court deems just, proper, and equitable.

## <u>COUNT VII</u>
### Breach of Contract – Guaranty Agreement of Samir Jakupovic

100.     The allegations contained in paragraphs 10-61 are re-alleged and incorporated herein by reference.

ANSWER:     Defendants re-allege and incorporate by reference their answer to

paragraphs 10-50 above as their answer to paragraph 100.

101.    To further induce the extension of a loans from PNCEF to ILG and S&L, Samir

Jakupovic executed and delivered a guaranty agreement whereby he unconditionally guaranteed

to pay all of the indebtedness of S&L and ILG including but not limited to, attorneys' fees, costs

and expenses of collection incurred by PNCEF (the "PNCEF" Guaranty"). A true and correct

copy of the PNCEF Guaranty is attached hereto as **Exhibit N** and incorporated herein by

reference.

ANSWER:     Defendants ILG and Samir admits that that Exhibit N, Guaranty

Agreement was executed on behalf of Defendant ILG.

Defendants S&L and Bella Abel are not parties to alleged Guaranty

Agreement and therefore deny the allegations in paragraph 101 and

demand strict proof thereof.

102.    S&L and ILG have defaulted under the terms of the Note by, inter alia, failing to

make payments as required under the Note.

ANSWER:     Defendant ILG admits the allegations in paragraph 102; Defendant S&L

denies the allegations in paragraph 102.

Defendants Samir and Bella Abel are not parties to the matters alleged,

therefore deny the allegations in paragraph 102 and demand strict proof

thereof.

103.    Despite demand by PNCEF, Samir Jakupovic has failed and continues to fail to

pay the amounts due under the PNCEF Guaranty.

ANSWER:     Defendant Samir denies the allegations in paragraph 103 and demands

strict proof thereof.

Defendants S&L, ILG and Bella Abel are not parties to the matters

alleged, therefore deny the allegations in paragraph 103 and demand strict

proof thereof.

104.    As a result of the foregoing, Samir Jakupovic is liable to PNCEF for the amounts

owed under the PNCEF Guaranty including, but not limited to, principal, interest, attorneys' fees

and court costs owing under the Note.

ANSWER:     Defendant denies the allegations in paragraph 104 and demands strict

proof thereof.

Defendants S&L, ILG and Bella Abel are not parties to the matters

alleged, therefore deny the allegations in paragraph 104 and demand strict

proof thereof

**WHEREFORE,** Defendants, S&L, ILG, Bella Abel and Samir Jakupovic respectfully

request that this Honorable Court enter judgment in their favor and grant them such other and

further relief as this Honorable Court deems just, proper, and equitable.

## <u>COUNT VIII</u>
### Breach of Contract – Guaranty Agreement of Samir Jakupovic

105.    The allegations contained in paragraphs 10-50 and paragraphs 62-77 are re-

alleged and incorporated herein by reference.

ANSWER:     Defendants re-allege and incorporate by reference their answer to

paragraphs 10-50 above as their answer to paragraph 105.

106.    To further induce the extension of a loans from PNC to Bella Abel, ILG and S&L,

Samir Jakupovic executed and delivered a guaranty agreement whereby he unconditionally guaranteed to pay all of the indebtedness of Bella Abel, S&L and ILG including but not limited to, attorneys' fees, costs and expenses of collection incurred by PNC (the "PNC Guaranty"). A true and correct copy of the PNC Guaranty is attached hereto as **Exhibit O** and incorporated herein by reference.

        ANSWER:    Admit.

        107.    Bella Abel, S&L and ILG have defaulted under the terms of the Mortgage Note 1 and Mortgage Note 1, inter alia, the failure of S&L and ILG to make payments as required under the Note.

        ANSWER:    Admit.

        108.    Despite demand by PNC, Samir Jakupovic has failed and continues to fail to pay the amounts due under the PNC Guaranty.

        ANSWER:    Defendant Samir denies the allegations in paragraph 108 and demands strict proof thereof.

                         Defendants S&L, ILG and Bella Abel are not parties to the matters alleged, therefore deny the allegations in paragraph 108 and demand strict proof thereof.

        109.    As a result of the foregoing, Samir Jakupovic is liable to PNC for the amounts owed under the PNC Guaranty including, but not limited to, principal, interest, attorneys' fees and court costs owing under the Note.

        ANSWER:    Defendant Samir denies the allegations in paragraph 104 and demands strict proof thereof.

Defendants S&L, ILG and Bella.Abel are not parties to the matters alleged, therefore deny the allegations in paragraph 104 and demand strict proof thereof.

. **WHEREFORE,** Defendants, S&L, ILG, Bella Abel and Samir Jakupovic respectfully request that this Honorable Court enter judgment in their favor and grant them such other and further relief as this Honorable Court deems just, proper, and equitable.

## AFFIRMATIVE DEFENSES

1. The Master Loan and Security Agreement, Complaint Exhibit A, is not a legal contract.

2. The Master Loan and Security Agreement lacks an offer and acceptance as PNCEF is not required to do or provide anything to ILG or S&L.

3. The Master Loan and Security Agreement lacks consideration as PNCEF does not provide anything for its promise to "maybe" extend a loan or loans at its own discretion at a later date.

4. The Master Loan and Security Agreement lacks essential terms.

Respectfully Submitted,

ILG International Logistics Group, Inc.,
S& L Cartage, Inc., Bella Abel LLC, and
Samir Jakupovic

BY: s/ Anthony J. Peraica
 Attorney for Defendants

Anthony J. Peraica, ARDC #6186661
Anthony J. Peraica & Associates, Ltd.
5130 S. Archer Avenue
Chicago, Illinois 60632
(773) 735-1700
support@peraica.com; peraicalaw@aol.com

## VERIFICATION

I declare, under penalty of perjury that the foregoing is true and

correct. Executed on August 19, 2020

Samir Jakupovic, Individually and as
President for ILG International Logistics,
Inc., S&L Cartage, Inc. and Bella Abel, LLC

Subscribed and sworn to before
Me this 19th day of August, 2020.

NOTARY PUBLIC

OFFICIAL SEAL
CASSANDRA M RODRIGUEZ
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/19/21

Anthony J. Peraica & Associates, Ltd.
Attorney for Defendants
5130 S. Archer Avenue
Chicago, IL 60632
Atty. Code: 54011

OFFICIAL SEAL
CASSANDRA M RODRIGUEZ